**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

BARBARA BROWN                                                    PLAINTIFF

v.                                    **4:08CV00089-WRW**

J.B. HUNT TRANSPORT SERVICES, INC., *et al*.                     DEFENDANTS

## <u>ORDER</u>

Pending are Defendants' First Motion for Summary Judgment (Doc. No. 17), Defendant

Prudential Insurance Company's Motion for Summary Judgment on Plaintiff's Count II (Doc.

No. 37), and Defendant J.B. Hunt Transport Services, Inc.'s Motion for Summary Judgment on

Count II of Plaintiff's Amended Complaint (Doc. No. 43). Plaintiff has responded to each

pleading,[1] and Defendants have replied.[2]

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided on purely legal grounds.[3]  The Supreme Court has established

guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the
> need for a trial -- whether, in other words, there are any genuine factual issues that
> properly can be resolved only by a finder of fact because they may reasonably be
> resolved in favor of either party.[4]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an

---

[1]Doc. Nos. 25, 48.

[2]Doc. Nos. 30, 54, 55.

[3]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[4]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[5]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[6]  I must view the facts in the light most favorable to the party opposing the motion.[7]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[8]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[9]

## II. BACKGROUND

---

[5]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[6]*Id.* at 728.

[7]*Id.* at 727-28.

[8]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[9]*Anderson*, 477 U.S. at 248.

2

Plaintiff, who was employed by J.B. Hunt Transport Services, Inc. ("J.B. Hunt") as a truck driver, stopped working for J.B. Hunt around August 30, 2005, because of neck, back, and left knee pain.[10] Plaintiff's neck and back pain were found to be pre-existing under the terms of an employer-sponsored welfare benefit plan governed by ERISA (the "Plan").[11] Plaintiff was approved for long term disability based on her knee condition, and her benefits were effective September 29, 2005, following the Plan's requisite 30-day elimination period.[12] Under the Plan, after twelve months of payments, a beneficiary is disabled when Prudential determines that due to the same sickness or injury, the beneficiary is unable to perform the duties of any gainful occupation for which the beneficiary is reasonably fitted by education, training, or experience.[13]

In an analysis dated May 25, 2007, Prudential determined that Plaintiff was capable of performing sedentary work.[14] Plaintiff was informed by a letter dated May 25, 2007, that her LTD benefits would be discontinued effective June 1, 2007.[15] The May 25, 2005, letter explained Plaintiff's appeal rights.[16] The letter reads, in part:

> If you choose to do so, your appeal must be made in writing by you or your authorized representative, and submitted within 180 days of the date of the receipt of this letter. Your appeal should contain: your name, control number, and Social Security number (or claim number); the reasons that you disagree with our

---

[10]Doc. Nos. 19, 27.

[11]Doc. Nos. 18, 19, 27.

[12]Doc. No. 19, 27.

[13]Doc. No.19.

[14]*Id.*

[15]Doc. Nos. 17, 19, 27.

[16]Doc. Nos. 19, 27.

determination; medical evidence or information to support your position, such as copies of therapy treatment notes, any additional treatment records from physicians, actual test results (e.g. EMG, MRI). You may submit other written comments, documents, records, or information related to your claim. You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to your claim.[17]

On June 5, 2007, Plaintiff informed Prudential over the phone that she wanted to appeal the decision.[18] Prudential's agent explained to Plaintiff that to appeal the determination, Plaintiff needed to write a letter explaining why she disagreed with Prudential's decision.[19]

On June 15, 2007, Plaintiff called Prudential and asked for a copy of the policy and said that she had an attorney to appeal the decision.[20] Plaintiff did not, however, appeal Prudential's decision.[21]

On December 12, 2007, Plaintiff filed this suit.[22] On January 15, 2008, Plaintiff's attorney called Prudential and asked whether an appeal had been filed; Plaintiff's attorney was informed that no appeal had been filed.[23]

## III. DISCUSSION

---

[17]Doc. No. 17.

[18]Doc. Nos. 19, 27.

[19]*Id.*

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]*Id.*

4

### A. Plaintiff's Count I[24]

Defendants filed a Motion for Summary Judgment asking that Plaintiff's Count I be dismissed for failure to exhaust administrative remedies. Plaintiff asserts that she substantially complied with the appeal process by telling Prudential over the phone that she wanted to appeal Prudential's decision. In the alternative, Plaintiff alleges that Defendants did not provide her a copy of the administrative record, and that an appeal in the blind would be futile. Plaintiff asserts that the futility of an appeal in the blind released her from her obligation to exhaust her administrative remedies.

#### 1. *Substantial Compliance*

Plaintiff asserts that where employers fail to follow plan regulations, substantial compliance satisfies a beneficiary's obligation to exhaust administrative remedies.[25] Plaintiff cites *DuMond v. Centex Corporation*[26] in support of her argument.[27] In *DuMond*, and the cases relied on in *DuMond*, courts analyze substantial compliance from the aspect of whether an ERISA plan administrator or sponsor substantially complied with ERISA requirements. Plaintiff asserts that her verbal request for an appeal should count as substantial compliance with Plan requirements, arguing "[w]hat is good for the goose is good for the gander."[28] Apparently,

---

[24]Plaintiff's original Complaint (Doc. No. 2) contained only Count I, which sought plan benefits to which Plaintiff was allegedly entitled. Plaintiff's Amended Complaint (Doc. No. 21), filed on April 21, 2008, added Count II, which alleged a violation of 29 U.S.C. § 502.

[25]Doc. No. 26.

[26]172 F.3d 618, 623 (8th Cir. 1999).

[27]Doc. No. 26.

[28]*Id.*

however, there are no Eighth Circuit cases supporting Plaintiff's argument that substantial

compliance satisfies a beneficiary's obligation to exhaust administrative remedies. Thus,

Plaintiff's substantial compliance argument cannot withstand Defendants' Motion for Summary

Judgment.

### 2. *Futility*

Benefit plans governed by ERISA must include a claim review procedure.[29]  "[A]ny plan

claim review procedure that meets the requirements of 29 U.S.C. § 1133[30] and

29 C.F.R. § 2560.503-1(f) and (g)[31] will trigger the judicially imposed duty to exhaust that

remedy."[32] "It is well recognized that ERISA participants must exhaust an ERISA plan's internal

review procedures before bringing claims in federal court."[33]  The rationale behind the

---

[29]29 U.S.C. § 1133.

[30]*Id.* 29 U.S.C. § 1133 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall--
(1) provide adequate notice in writing to any participant or beneficiary whose claim
for benefits under the plan has been denied, setting forth the specific reasons for such
denial, written in a manner calculated to be understood by the participant, and
(2) afford a reasonable opportunity to any participant whose claim for benefits has
been denied for a full and fair review by the appropriate named fiduciary of the
decision denying the claim.

[31] 29 C.F.R. § 2560.503-1(f) sets out the timing of notification of benefit determination.
29 C.F.R. § 2560.503-1(g) sets out the manner and content of notification of benefit
determination.

[32]*Kinkead v. Southwestern Bell Corp. Sickness & Accident Disability Benefit Plan*, 111
F.3d 67, 70 (8th Cir. 1997).

[33]*James v. HMO Mo., Inc*., No. 4:07CV709, 2008 U.S. Dist. Lexis 6783, at *9 (8th Cir.
Jan. 30, 2008) (citing *Galman v. Prudential Ins. Co. of Am.*, 254 F.3d 768, 770 (8th Cir. 2001)
("'In this circuit, [claimants] must exhaust [ERISA] procedure before bringing claims for
wrongful denial to court.'")).

exhaustion requirement "stems from the sound policy of not wanting courts to review plan administrators' decisions based on initial, often succinct denial letters in the absence of complete records."[34] Exhaustion also allows claims administrators an opportunity to correct errors and provides the parties a non-adversarial dispute resolution process.[35] Further, exhaustion gives the parties -- both the beneficiary and the plan -- a chance to put together a fact record that assists the court if judicial review is necessary.[36]

A beneficiary is, however, relieved of the requirement to exhaust administrative remedies when exhaustion "would be wholly futile."[37] The Eighth Circuit has recognized futility in only limited circumstances. In *Back v. Danka Corp.*, the beneficiary was not required to exhaust administrative remedies where the plan did not notify the beneficiary of the existence of an internal remedy.[38] In *Union Pac. R.R. Co. v. Beckham*, the court recognized the futility exception in the context of determining when a cause of action accrued.[39] The common thread running through Eighth Circuit cases applying the futility exception is an appearance of certainty that a

---

[34]*Wert v. Liberty Life Assur. Co. of Boston*, 447 F.3d 1060, 1066 (8th Cir. 2006).

[35]*Id*. at 1066.

[36]*Id*.

[37]*Glover v. St. Louis-San Francisco R. Co.*, 393 U.S. 324, 330 (1969). See also *Wert v. Liberty Life Assur. Co. of Boston*, 447 F.3d 1060, 1065 (8th Cir. 2006) (citing, among others, *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003) (exhaustion not required where plan failed to notify plaintiff regarding availability of internal remedy); *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 332 & n.4 (8th Cir. 1998) (recognizing the futility exception to the exhaustion requirement under ERISA in the context of determining when a cause of action accrued).

[38]*Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003).

[39]*Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 332 n.4 (8th Cir. 1998).

claim would be denied on appeal.[40] The "futility exception is particularly appropriate where the past pattern of a plan administrator, as well as its position on the merits of a current matter in litigation, reveal that any further administrative review would provide no relief."[41] A mere speculation that a claim will be denied does not establish futility.[42]

The claim review procedure set out in the Plan and denial letter meets the requirements of  29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1(f) and (g). Accordingly, Plaintiff had to exhaust her administrative remedies, unless exhaustion would have been futile. Plaintiff argues that a written appeal would have been futile, because:

> the insurance company failed to provide upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Thus, simply put, the insurance company's failure to provide Ms. Brown with the administrative record never triggered the judicially imposed duty to exhaust her administrative appeal.[43]

Plaintiff's written requests to both Prudential and J.B. Hunt are relevant to Plaintiff's futility argument. A June 15, 2007 letter to Prudential, written by Plaintiff's counsel, reads:

> Would you please provide me with a complete copy of the Administrative Record, a copy of all internal guidelines, and administrative precedents, that you relied upon in making your decision? Please provide me with the name and address of all individuals that reviewed my client's personal health information, and a copy of the

---

[40]See *Back v. Danka Corp.*, 335 F.3d 790, 792 (8th Cir. 2003); *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 332 & n.4 (8th Cir. 1998); *Spagnolia v. Dakota Neurosurgical Assocs.*, No. A1-03-87, 2003 U.S. Dist. Lexis 23457, at *17 (D.N.D. Dec. 19, 2003); *Theil v. United Healthcare of Midlands, Inc*., No. 8:00CV426, 2001 U.S. Dist Lexis 935, at *10 (D. Neb. Jan. 23, 2001).

[41]*Bridgeman v. Group Health Plan*, No. 4:07cv0282, at *16 (E.D. Mo. May 23, 2007).

[42]*Norby v. Twin City Carpenters & Joiners Health & Welfare Fund*, No. 07-4453(DSD/JJG), 2008 U.S. Dist. Lexis 26262, at *8 (8th Cir. April 1, 2008) (citing *Goewert  v. Hartford Life & Accident Ins. Co.*, 442 F. Supp. 2d 724, 730 (E.D. Mo. 2006)).

[43]Doc. No. 26.

8

Plan, and Plan documents that you consulted in order to make your decision.[44]

On June 15, 2007, Plaintiff's counsel also wrote a letter to J.B. Hunt, which reads: "As is allowed under ERISA, I request a copy of all Welfare and Pension Benefit Plans under which my client is, or has ever been, a participant. I also request a copy of all Summary Plan Descriptions, annual reports, and any amendments thereto."[45]

An August 22, 2007, letter written by Plaintiff's counsel to Prudential reads: "Enclosed is a copy of a June 15, 2007, letter I wrote you. To date, I have had no response."[46]

On February 16, 2008, Plaintiff's counsel sent an email to J.B. Hunt informing J.B. Hunt that counsel had previously requested certain documents, but had not received the information.[47] The email then that quoted 29 C.F.R. § 350.503-1(m), and requested a copy of all documents required to be produced under that section, including, but not limited to, claims manuals.[48]

As Plaintiff points out, under the law a plan administrator is obligated to respond to written requests for information.[49] This is consistent with the information in the J.B. Hunt Transport Services, Inc. 2007 Important Information About Your Benefits Document (the "2007 Wrap") and the Summary Plan Description ("SPD"). In the 2007 Wrap and the SPD, J.B. Hunt is identified as the plan administrator, and the documents set out that Plan beneficiaries can receive

---

[44]Doc. No. 27.

[45]Doc. No. 49.

[46]Doc. No. 27.

[47]Doc. No. 49.

[48]*Id.*

[49]Doc. No. 49; 29 U.S.C. § 1132.

information about benefits, and about the Plan, from the plan administrator on written request.[50]

Plaintiff's futility argument centers around the insurance company -- *i.e.*, Prudential -- not providing the administrative record. It appears, though, that the plan administrator, J.B. Hunt, was responsible for providing the administrative record, not Prudential, the claims administrator. The record does not indicate, however, if and when Plaintiff specifically requested the administrative record from J.B. Hunt. Plaintiff's June 15, 2007, letter to J.B. Hunt requested only all Welfare and Pension Benefit Plans under which Plaintiff had ever been a participant, and a copy of all Summary Plan Descriptions, annual reports, and any amendments thereto. Apparently, at least some of these documents -- the Driver Disability Summary Plan Description and the 2007 Wrap -- were mailed to Plaintiff's attorney on June 20 and August 3, 2007.[51]

Plaintiff's February 16, 2008, email request for a copy of all documents required to be produced under 29 C.F.R. § 2560.503-1(m) could be considered a request for the administrative record. J.B. Hunt mailed Plaintiff's counsel a copy of the administrative record on March 21, 2008.[52]

Plaintiff has not offered any evidence that shows further administrative review would provide no relief. In her Response to Defendants' Motion, Plaintiff's futility argument focuses on never having been provided the administrative record. It appears from the record, though, that

---

[50]Doc. No. 19.

[51]Doc. Nos. 44, 50, 55. For reasons unknown to the Court, Plaintiff responded to Defendant J.B. Hunt's Statement of Undisputed Material Facts paragraphs 1-10, but did not respond to paragraphs 11-14. Under Local Rule 56.1(c), "[a]ll material facts set forth in the statement filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Accordingly, Defendant J.B. Hunt's Statement of Undisputed Material Facts paragraphs 11-14 are deemed admitted.

[52]Doc. No. 55.

Plaintiff did not request the administrative record from the proper party until after she filed this suit. Because Plaintiff has not shown that an appeal of her claim would be futile, the exhaustion requirement is not waived. Accordingly, Defendants' Motion for Summary Judgement on Plaintiff's Count I is granted.

### B. Plaintiff's Count II

Plaintiff's Count II reads, in relevant part:

> Plaintiff has made written requests for a copy of all rules, plan documents, or other instruments used to operate the plan to the actual or de facto plan administrator. However, Plaintiff has not received a timely written response. Therefore Plaintiff moves for an Order allowing her appropriate penalties.

### 1. *Prudential*

Section 502(c) of ERISA provides that only an administrator can be liable for statutory penalties.[53] ERISA defines "Plan Administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated."[54]

---

[53]29 U.S.C. § 1132(c).

[54]29 U.S.C. § 1002(16)(A)(i).

11

The 2007 Wrap provides that the Wrap must be referred to together with the Summary Plan Description for a complete understanding of each of the benefits.[55] The 2007 Wrap reads: "J.B. Hunt Transport Services, Inc. is the Plan Sponsor and Plan Administrator . . . ."[56]

Because J.B. Hunt Transport Services, Inc. is identified as the Plan Administrator, only J.B. Hunt Transport Services, Inc. can be liable under § 502(c) of ERISA. Further, the Eighth Circuit has rejected Plaintiff's *de facto* plan administrator argument.[57] Accordingly, Defendant Prudential's Motion for Summary Judgment is granted on this count.

### 2. *J.B. Hunt Transport Services, Inc.*

J.B. Hunt is the plan administrator and is required to respond to written requests for information in a timely manner. Plaintiff alleges Defendant J.B. Hunt did not provide documents in a timely manner, at least certain claims manuals.[58] Defendant J.B. Hunt did not address in any pleading whether it ever sent Plaintiff those documents. Thus, there is a genuine issue of material fact about Plaintiff's Count II, and Defendant J.B. Hunt's Motion for Summary Judgment on this count is denied.

## IV. CONCLUSION

Defendants' joint Motion for Summary Judgment on Count I (Doc. No. 17) is GRANTED; Defendant Prudential's Motion for Summary Judgment on Plaintiff's Count II

---

[55]Doc. No. 38.

[56]*Id.*

[57]See *Ross v. Rail Car Am. Group Disability Income Plan*, 285 F.3d 735, 743 (8th Cir. 2002).

[58]Doc. No. 64.

(Doc. No. 37) is GRANTED, and Defendant J.B. Hunt Transport Services, Inc.'s Motion for Summary Judgment on Count II of Plaintiff's Amended Complaint (Doc. No. 43) is DENIED. All other pending motions are DENIED as MOOT.

IT IS SO ORDERED this 28th day of August, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE