**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**BARBARA BROWN**                                                                                          **PLAINTIFF**

**v.**                                                    **4:08CV00089-WRW**

**J.B. HUNT TRANSPORT SERVICES, INC.**                                              **DEFENDANT**

## ORDER

Pending is Defendant's Supplemental Motion for Summary Judgment (Doc. No. 81). Plaintiff has responded (Doc. No. 90). For the reasons set out below, Defendant's Motion is GRANTED.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[1] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[2]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[3] Nevertheless, summary judgment promotes judicial economy by

---

[1] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[3] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

preventing trial when no genuine issue of fact remains.[4] I must view the facts in the light most favorable to the party opposing the motion.[5] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[6]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[7]

## II. DISCUSSION

In her remaining claim,[8] Plaintiff asserts that Defendant J.B. Hunt violated the provisions of ERISA by not providing her with documents -- in particular, a claims manual -- within 30 days as required by ERISA; Plaintiff seeks penalties under 29 U.S.C. § 1132(c).[9] Defendant

---

[4]*Id.* at 728.

[5]*Id.* at 727-28.

[6]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[7]*Anderson*, 477 U.S. at 248.

[8]An August 8, 2008, Order granted Defendants' Motions for Summary Judgment on Plaintiff's other claims.

[9]See Doc. Nos. 21, 91.

maintains that a claims manual does not exist, and that, even if a claims manual did exist, Plaintiff's claim fails as a matter of law.[10] I agree.

Plaintiff's claim cannot succeed as a matter of law because: (1) a claims manual is not an "instrument" under 29 U.S.C. § 1024(b); and (2) a plan administrator cannot be held liable for penalties under 29 U.S.C. § 1132(c) for a violation of 29 C.F.R. § 2560.503-1(h)(2)(iii).

### A. Claims Manual Is Not An Instrument

According to 29 U.S.C. § 1024: "[t]he administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated." The Eighth Circuit agreed with other circuits that construed "other instruments" as "not any document relating to a plan, but only formal documents that establish or govern the plan."[11] The Eighth Circuit affirmed a district court interpretation of "other documents" as "formal documents that govern the plan, not to all documents by means of which the plan conducts operations."[12] A claims manual, if it existed, would be the type of document under which the plan conducts operations rather than a document that governs the plan.

Even if a claims manual exists and the claims manual is a document that governs the plan, Plaintiff did not administratively appeal the denial of her benefits, and Plaintiff requested the claims manual only after the period in which she could file an appeal had run. It is not logical

---

[10]Doc. Nos. 83, 93.

[11]*Brown v. Am. Life Holdings*, 190 F.3d 856, 861 (8th Cir. 1999).

[12]*Id*. at 861-62.

that a participant could assert that she did not receive a full and fair review because she was not provided a claims manual when the participant did not file an appeal and thus did not invoke her rights to a full and fair review.

    B. <u>Plan Administrator Liability Under 29 U.S.C. § 1132(c)</u>

    ERISA § 502(c), 29 U.S.C. § 1132(c), imposes sanctions on plan administrators that fail to provide information as required under Subchapter I of ERISA, 29 U.S.C. §§ 1001-1145. The claims manual that Plaintiff sought is not a document that an administrator is required to provide under Subchapter I.[13] A claims manual may fall under 29 C.F.R. § 2560.503-1(h)(2)(iii), which provides that "a claimant shall be provided . . . reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits."[14] However, 29 C.F.R. § 2560.503-1 implements 29 U.S.C. § 1133. Section 1133 provides that "every employee benefit *plan* shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair   review . . . ."[15] Because § 1133 creates a duty for the employee benefit plan -- not the administrator -- a plan administrator cannot be penalized under § 1132(c) for a violation of the regulations implementing § 1133.[16]

## III. CONCLUSION

---

[13] See 29 U.S.C. § 1024.

[14] 29 C.F.R. § 2560.503-1(h)(2)(iii)

[15] 29 U.S.C. § 1133. Emphasis added.

[16] See 29 U.S.C. § 1132(c); 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(h)(2)(iii); *Groves v. Modified Retirement Plan for Hourly Paid Employees of the Johns Manville Corp*, 803 F.2d 109 (3d Cir. 1986); *Stuhlreyer v. Armco, Inc.*, 12 F.3d 75, 79 (6th Cir. 1993); *Wilczynski v. Lumbermens Mutual Casualty Co.*, 93 F.3d 397 (7th Cir. 1996).

Because the claims manual is not a § 1024(b) instrument, and because a plan administrator cannot be penalized for a violation of a §1133, Defendant's Motion is GRANTED and this case is DISMISSED.

IT IS SO ORDERED this 26th day of November, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE