IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BARBARA BROWN                                                    PLAINTIFF

v.                             No. 4:08-cv-89-DPM

PRUDENTIAL INSURANCE
COMPANY OF AMERICA                            INTERVENOR DEFENDANT

ORDER

1. Barbara Brown used to work as a truck driver for J.B. Hunt Transport Services. Prudential served as claims administrator for the ERISA plan that J.B. Hunt sponsored. In 2005, Brown applied for long-term disability benefits under the plan when she had to quit working because of pain in her neck, back, and left knee, among other problems. Because Brown's knee injury prevented her from operating a clutch with her left leg, Prudential found that she met the Plan's initial definition of "disabled" under its "regular occupation" standard. Prudential therefore awarded Brown benefits.

In 2007, however, Prudential discontinued Brown's benefits. One year of payments under the Plan triggers a less-stringent "any gainful occupation" standard for disability. Prudential decided that, although Brown's knee pain prevented her from working as a truck driver, there were other jobs that she could do.

Brown never filed a written appeal with Prudential because Prudential would not produce the information she needed to perfect her appeal. Instead, Brown sued. This Court dismissed Brown's complaint, holding that she had failed to exhaust her remedies. The Eighth Circuit concluded, however, that Prudential had not offered Brown a reasonable opportunity for full and fair review as required by 29 U.S.C. § 1132. *Brown v. J.B. Hunt Transport Services, Inc.*, 586 F.3d 1079, 1087 (8th Cir. 2009). The Court of Appeals expressed no opinion on the merits of Brown's claim for long-term disability benefits. Instead, it remanded the case to this Court with instructions to remand to Prudential for an out-of-time appeal. *Brown*, 586 F.3d at 1087–88.

On remand, Prudential reviewed and upheld its decision to terminate Brown's benefits. *Document No. 133-1, at 86–96*. Because Brown had

exhausted her remedies under the policy with the internal appeal, the Court allowed her to reopen this case against Prudential. 29 U.S.C. § 1132(a)(1)(B); *Document No. 130*.

2. Brown claims that Prudential has denied her full and fair review of its decision for two reasons: (1) "the alleged medical review was not provided to the Plaintiff for comment," and (2) there was no "attempt to recognize Judge Wilson's criticism of the Dictionary of Occupational Titles" in *Jones v. Mountaire Corp. Long Term Disability Plan*, No. 4:06-cv-1578-WRW, 2007 WL 2351012 (E.D. Ark. 16 August 2007), *reversed and remanded*, 542 F.3d 234 (8th Cir. 2008). *Document No. 148, at 2*.

Brown's arguments lack merit. First, although Prudential must provide Brown with copies of "all documents, records, and other information relevant" to her initial claim for benefits, the independent medical review performed during Prudential's appellate review is not a "relevant" document or record as defined by the regulations. 29 C.F.R. § 2560.503-1(h)(2)(iii) & (m)(8).

Brown's argument about the Dictionary of Occupational Titles goes nowhere too. The *Jones* case differs factually: Jones's eligibility for benefits

was being determined under the "regular occupation" standard, so the DOT description of Jones's job played a far greater role in the benefits determination than Brown's job description plays in the present case. Further, Brown fails to acknowledge that the Eighth Circuit reversed the district court's decision in *Jones* and remanded for further briefing on the DOT versus O*Net issue. (Because the case settled after remand, the issue was never resolved.) Finally, although Brown is apparently critical of the DOT, she has not shown how using the O*Net instead would have resulted in any different outcome in her case. Despite Brown's attempt to convince the Court otherwise, the record shows that Prudential gave Brown a full and fair review this time around. *Cf. Brown*, 586 F.3d at 1085-87.

3. The parties also disagree about the proper standard of review. When an ERISA plan authorizes the claims administrator to determine eligibility for benefits, the Court must decide whether the administrator abused its discretion in making its determination. *Darvell v. Life Insurance Co. of North America*, 597 F.3d 929, 934 (8th Cir. 2010). The Eighth Circuit has identified five factors that guide this analysis: (1) whether the administrator's interpretation is inconsistent with the plan's goals, (2)

-4-

whether it is contrary to the plan's clear language, (3) whether it is inconsistent with prior interpretations of the same provisions, (4) whether it conflicts with the substantive or procedural requirements of ERISA, and (5) whether it renders the language of the plan meaningless, superfluous, or internally inconsistent. *Jones v. ReliaStar Life Insurance Co.*, 615 F.3d 941, 945 (8th Cir. 2010). The ultimate question, however, is whether the administrator's interpretation was reasonable. *Ibid.* A reasonable decision is one "supported by substantial evidence." *Darvell*, 597 F.3d at 934.

The Plan language here grants Prudential the discretion to determine eligibility for benefits. Brown argues, however, that the Court should review Prudential's determination *de novo* based on the insurer's conflict of interest. A conflict of interest arises when the insurer also acts as the claims administrator. But this kind of conflict alone does not change the standard of review. Rather, the conflict of interest is a factor to be considered in determining whether the administrator abused its discretion. *Chronister v. Unum Life Insurance Co. of America*, 563 F.3d 773, 775 (8th Cir. 2009). Brown's argument for *de novo* review fails. The Court will review Prudential's decision for an abuse of discretion.

**4.** This Court must determine whether Prudential's denial of Brown's long-term benefits under the policy was reasonable based on the record as a whole. *Manning v. American Republic Insurance Co.*, 604 F.3d 1030, 1038 (8th Cir. 2010). "Any reasonable decision will stand, even if the court would interpret the language differently as an original matter." *Ibid.* Considering the record as a whole and the governing law, the Court concludes that Prudential did not abuse its discretion by denying Brown further benefits under the Plan's "any gainful occupation" provision. The Plan, the medical records, and the vocational report all support this conclusion.

Brown was entitled to more benefits only if she was "disabled" under the Plan. After the first twelve months of disability, the Plan considers Brown "disabled" if, because of the same injury, she is "unable to perform the duties of any gainful occupation for which [she is] reasonably fitted by education, training, or experience." *Document No. 133-1, at 27.* On appeal, Prudential determined that Brown did not meet this standard and thus no longer qualified for long-term disability benefits under the Plan. It based its decision on an independent medical-records review by an experienced

doctor, Brown's treating chiropractor's opinions, and a vocational assessment. Prudential was entitled to rely on this evidence. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 825 (2003).

Dr. Hugo Pfaeffle reviewed Brown's medical history and records in April 2011. He found that Brown had "problems with bilateral shoulder rotator cuff tendinitis, bursitis, and impingement syndrome, and left knee arthritis." *Document No. 133-1, at 13*. Nonetheless, Dr. Pfaeffle concluded that Brown could work: "[Brown] should be able to work at a medium work duty level with 50 pounds maximum lifting and frequent lifting and carrying up to 25 pounds." *Ibid.* Because of Brown's impairments, Dr. Pfaeffle said that Brown's occupational standing and walking would have to be limited to two hours a day each and that she could not do any climbing, crawling, squatting, or overhead lifting. He placed no limitations on Brown's sitting or "simple grasping, pushing, pulling, or fine manipulation." *Ibid.*

The updated medical records from Brown's chiropractor, Dr. Ward, suggested slightly greater restrictions on Brown's activities: in March 2007, he recommended that Brown do no lifting over thirty pounds. *Document*

-7-

*No. 133-1, at 57.* This was an increase, however, from a restriction to twenty-pound lifting in February and ten-pound lifting in January. *Document No. 133-1, at 55 & 59.* In light of the recommendations from Brown's chiropractor, it would appear that Brown's ability to work was increasing, not decreasing, in 2007.

A 2007 Employability Assessment identified four gainful occupations for which Brown was suited, taking into account her education, training, and experience: semiconductor bonder, surveillance system monitor, food checker, and assembler. A vocational specialist reviewed Brown's Employability Assessment again in 2011 and confirmed that these occupations were still suitable options for Brown and were within the scope of her restrictions and limitations. These jobs are all classified as "sedentary" or "light," and none of them would require Brown to lift more than the maximum thirty pounds recommended by her chiropractor.

The record as a whole shows that Prudential's decision was a reasonable one. Brown can do some available jobs. Prudential therefore did not abuse its discretion when it determined that Brown was not disabled within the meaning of the "any gainful occupation" provision.

-8-

Neither Brown's own doctor nor Prudential's concluded that she could not work at all. The issue is not close; so Prudential's conflict of interest does not break a tie in the proof in Brown's favor.

\* \* \*

Motion, *Document No. 133*, granted. Brown is not entitled to reinstatement of long-term disability benefits, an award of past benefits, or any other relief.

So Ordered.

*[signature]*
D.P. Marshall Jr.
Untied States District Judge

27 March 2012